We have read the briefs and the materials that you have submitted, the records and so on. So it would behoove you to get to your strongest argument first. There are a lot, 15 minutes per side, and I would advise Appalachian to reserve five minutes for rebuttal. They're not strict clock watchers, but I would encourage you to stick as close as you can to the time allotment. Clerk, please call the first case. Good morning, Your Honors. My name is Mark Davis. I'm here with my colleague, Patricia Ford, and we represent Devon Bank. Good morning. Ron Damoshek on behalf of Bruce Miller, and with me is Melissa Latare, one of my colleagues. Thank you. Proceed, counsel, whenever you're ready. Thank you, Your Honor. May it please the Court, counsel. In the New York Guardian case, the Fourth District of this Court some time ago suggested that due process forbids terminating a recorded property interest without attempted notice of any kind in a tax deed proceeding, because that constitutes a constitutional violation that is a jurisdictional defect in the judgment. This appeal asks the Court to make that suggestion an explicit, recognized rule of law. Devon Bank's legal title in this case was ascertainable from the public records. It was duly recorded at all times in conformity with the standard the Supreme Court laid down in Mennonite and other cases. It was readily ascertainable from the public record, and it was terminated without any attempted notice of any kind in Checkmate's tax deed proceeding. As the Court is aware from the briefing, Checkmate identified and told the Court it had identified only one interest based on a prior tax buyer, PMG Enterprises, from a 1989 tax deed. It's apparent that the tax buyer, Checkmate, did not even read the tax deed, the PMG deed, or else if it did read it, it deliberately kept that information from the Court, because the PMG deed showed on its face that of the two separately tax index-numbered parcels which are involved in this case, the 001 parcel which belonged to Devon, and the 002 parcel which was actually the subject of the PMG deed, it showed on its face that only the 002 parcel was involved in that deed, and therefore, the tax buyer would have known instantly that it had not identified any owner whatsoever for the 001 parcel. Can I ask you a question about the issue that you filed, the 214-01? I have not looked at the document myself in the record, but my guess is that it was a violation of constitutional due process. Did you, in that document, argue that the judgment should be set aside because it was void? We did argue that, Your Honor. We argued it on two grounds, one of which is still before the Court. We argued the violation of constitutional due process as a matter that would void the judgment, and we also argued under State law grounds of what I would call special statutory jurisdiction, that the judgment was void because two parcels had been combined in one tax deed petition in violation of the property tax code. But you're not arguing that? We are not pursuing that second argument. So in this sense, you are arguing a void judgment, not the other typical type of 214-01 kind of idea with the new facts, and we have issues about diligence and meritorious defense and that kind of thing. That's correct, Your Honor. So could we talk about jurisdiction a little bit then? Certainly. So your argument is that the Court lacked jurisdiction to enter this order. Is that correct? That is correct. Can you explain that to us? We argue that jurisdiction in the sense of constitutional due process is a part of the fundamental subject matter jurisdiction of the Court. We cite a number of cases. I'm in trouble about this. Not in prosonum jurisdiction? You're not arguing that the Court requires in order to enter this order that there should be in prosonum jurisdiction in order to enter this order? No, we're not, Your Honor. We accept that Illinois tax deed proceedings are based on in rem rather than in prosonum jurisdiction. In fact, that's one of the errors. We specifically identified that the trial court, we believe, committed in that the trial court erroneously believed that the distinction between in prosonum and in rem jurisdiction still controls constitutional due process analysis. One of the reasons the trial judge articulated as a basis for denying the due process argument was that Illinois tax deed proceedings are based on in rem jurisdiction that's acquired when the collector makes the original application for judgment for the delinquent taxes. The Supreme Court, the U.S. Supreme Court, has explained at length, starting in Schaffer v. Heitner, which discussed its earlier decision in Millane v. Hanover, continuing in the Mennonite case, that for constitutional due process analysis, there is no longer any distinction that can be maintained between in rem and in prosonum jurisdiction. Does it actually say it that clearly? It says it exactly that clearly, Your Honor. In which case am I going to find that language, that we no longer, in looking at jurisdiction, need to parse out in rem? The Illinois Supreme Court has recognized that holding as well, in exactly as explicit terms as I just said it, in the Rosewell v. Chicago title and trust case. That's the Rosewell case that appears at 99 Illinois 2nd. It's also cited in the briefs. In that case, the Illinois Supreme Court recognized that essentially, I think their phrase was that the distinction between in rem and in prosonum jurisdiction had been abolished by the United States Supreme Court in Schaffer v. Heitner and subsequent cases. And that's the issue still confused. Don't you agree with that? Well, I think the issue still confuses because for other state law jurisdictional purposes, the distinction is still valid. The states are free, under the federal constitution, to maintain a distinction between proceedings that are founded on in rem versus in prosonum jurisdiction. They don't have to collapse the two into one for state law purposes. But for purposes of the federal constitution's due process clause, the supreme law of the land, they do. Because the United States Supreme Court has said that due process standards of the minimum requirements of notice. One of the things I would stress in this entire argument is that what we're talking about here is a violation of the bare minimum requirements of constitution. Constitutional notice as explained by the U.S. Supreme Court in that series of cases. For that minimal purpose, there is no distinction that the state can maintain between in prosonum and in rem jurisdiction. It must accord the same notice to parties in interest in an in rem jurisdiction case that it would accord in an in prosonum jurisdiction case. Or else there is no jurisdiction. And the law has been settled from time immemorial, even before Mullane versus Hanover, before Schaffner versus Heitner, that a violation of in prosonum jurisdiction that violated due process voided the proceedings entirely. What the Supreme Court, U.S. Supreme Court, has done in that series of cases is to say that the same principle governs cases of in rem jurisdiction. Could I just ask one final question, because I kind of think it's less clear than what you're saying. The Illinois cases, at least, do not seem to say quite as clearly as what you're saying. So, for example, the LCB case that was discussed at length, the court there talks about, in addition, the trial court obtained personal in rem jurisdiction over the property. Now, what does that mean? Well, I think the trial, I think the court was perhaps confused in its phraseology in saying that. Because personal, in prosonum in rem jurisdiction, if that's what the court meant by that phrase, is a contradiction in terms. Under state law, principles that distinguish in rem from in prosonum jurisdiction. In rem jurisdiction, under Illinois' traditional teaching, is acquired based on the court's judgment over the land itself. And it's acquired in a tax deed context in the prior application by the collector to sell the land for delinquent taxes. At which point, no one is specifically named in the proceeding. The proceeding is purely against the land. But then in the tax deed proceeding, which is supplemental to the collector's application, our courts have held that in rem jurisdiction continues. And before Mullane and Schaffner and those U.S. Supreme Court cases, that produced different due process standards than would have applied in an in prosonum jurisdiction case where the court must acquire jurisdiction of the parties by service of individual summons on the individual defendants. But the Supreme Court has literally, I believe it is the Illinois Supreme Court's phrase in the Rosewell case, abolished that distinction. For purposes of constitutional due process analysis as to whether a party in interest, and in this case Mennonite teaches us that that conclusively means a party with a recorded interest in the land records, is deprived of that interest without the minimal attempts at notice that the constitutional case law requires. This case is fairly easy on that point. The question is, if you're arguing 2245 as a basis for reversal, and you also argue a constitutional violation, don't we address the statutory violation if we can dispose of the case on the ground? But if your argument is that the judgment, the underlying judgment is void, and you argue only 2245 will avoid the effect of 214-01E, that's a different story. We argue in the alternative, Your Honor. We argue under the constitutional due process principles separately. Alternatively, we argue that under 2245 subsection 4, that the statutory notice requirements were violated, and that the constitutional due process principles were violated. Now, as to that statutory ground, 214-01E might provide a defense if there were a valid BFP claim in the case. We dispute the validity of the claim made by Mr. Miller. I'm trying to understand your argument. Your argument is, as to your claim, the proceeding is void for lack of jurisdiction, and in order to avoid the effect of 214-01E, you argue 2245. Or do you argue 2245 to entitle you to a reversal? No, Your Honor, we argue 2245 to entitle us to reversal in the alternative, based on our argument that the BFP claim is invalid, and therefore 214-01E does not provide, does not block the 2245 relief. 214-01E is not intended for a jurisdictional violation. You can raise it to a jurisdictional violation at any time by any means, but 214-01E is not the proper method to do it. That's to avoid a valid judgment that's more than 30 days old. I think we would argue, Your Honor, that it's true that I guess we would draw the Court's attention to 214-01F, which notes that nothing in section 214-01 interferes with the right to a BFP claim. It's just a mislabeling as to the use of 214-01 to attack a void judgment when it's not necessary under F, or are you really arguing that based on 2245, you're entitled to 214-01 relief from a judgment because you didn't get valid notice? We pled the case under 214-01F in the sense of our primary constitutional ground for relief. I think, Your Honor, based on our understanding, which was not an issue disputed in the trial court, that there is a line of relatively recent cases stemming from the Illinois Supreme Court that have said, contrary to the earlier law, that it was that an attack on a void judgment was not necessary. It was wholly outside 214-01. It was based on the Court's inherent authority to set aside a void judgment at any time. There is a line of cases, though, that has stemmed from the Illinois Supreme Court's decision, I think somewhere in the, I want to say in the mid-1990s or early 2000s, in which the justices ruled that 214-01F is actually an affirmative vehicle for a motion attacking a judgment. It is an affirmative vehicle for a motion attacking a judgment for voidness, ab initio, and that, therefore, a 214-01 petition can be used and is an appropriate vehicle. In fact, I believe for that proposition, Your Honor, it was not a dispute in the trial court. It's not cited in the briefs, and I don't have it from memory, but I'd be happy to look it up and provide a letter after the argument with that citation. But I think procedurally we proceeded for that reason under 214-01 for the combined arguments under F, contending that the judgment was void ab initio for violation of constitutional due process, and that that, in effect, trumped any argument that could be made under 214-01E. We submit that to the court, Your Honor, because we find there is no authority for a 214-01E-like BFP rule in the constitutional due process jurisprudence. There's no authority from the United States Supreme Court, the Illinois Supreme Court, from any court that has been cited in this case for such a rule. Due process is, as Justice Theis's earlier questions were elucidating, is a constitutional due process. It's not elucidating a jurisdictional concept in the sense of an overarching jurisdictional concept, because constitutional due process is the supreme law of the land. Under the supremacy course, the court simply cannot acquire power to proceed in violation of due process. And in that sense, an argument that by a putative BFP under 214-01E is simply beside the point. We point out that the Illinois Appellate Court has recognized that concept in the teacher's insurance case. It is discussed in the briefs with respect to what was then Supreme Court Rule 305J. I think that's now been relabeled 305K, and that's the rule that protects allegedly innocent purchasers, third-party purchasers in an appellate proceeding, as opposed to a trial court proceeding under 214-01E. And the appellate court in teacher's insurance said clearly that if there is a constitutional violation in the case, Supreme Court Rule then 305J cannot be applied, because the effect of protecting the third party would, in effect, contribute to the constitutional violation. You know, excuse me for a minute, I'm not that smart. You raise all these issues. Let me see if I can just distill it to its finest. Your client got no notice of the proceeding, and therefore the proceeding could not affect their title. It was void as against them. They have a right to raise it at any time, at any place, under any circumstances, and 214-01E cannot be used to protect a, quote-unquote, BFP, because, at minimum, we had a violation of 2245. Is that distilling it to its finest? That is, I think, distilling it to its finest, Judge. We do, alternatively, Your Honor, state that even the State law restrictions. Mr. Davis, start wrapping up your remarks, please. I'd be happy to do that, Your Honor. Can I ask one question, a fact question? Certainly. If one, if Mr. Miller or his lawyer went to the grantor-grantee index, what would he have found? He would have found DeVon's interest. He would not have found the PMG deed. The PMG deed was never in the chain of title to the 001 parcel that is DeVon's parcel. Okay. Your Honor, I think I'll save the remainder of the time for the rebuttal. And if there aren't any further questions. We don't have any more time, but I'm going to give you some anyway. If there is some more time, I would. No, we don't have any more time. Okay. But we're going to give you a few minutes for rebuttal anyway. That would be fine. Thank you, Your Honors. Good morning again, counsel. Judge Dice, in the grantor-grantee index. State your name again for the record. Ron Damoshek for the appellee, Bruce Miller. I should tell you that these proceedings are being recorded. So when you step up, it's good to state your name again. In the grantor-grantee index, the last recorded deed that would have been found would have been the PMG deed. Which is interesting. I mean, I looked at this pretty carefully. You say that in your brief. Your opponent says the opposite in his brief. And neither one of you give a record saying how we're going to find that out. That's kind of my problem. The PMG deed was from whom? The PMG deed was a tax deed. And it described Lot 6 in the legal description of the property. Is this the checkmate deed? This is the prior deed. PMG to checkmate. No. And it does get confusing because there are two tax deeds. So there was a prior tax deed upon which checkmate and the trial court relied in determining that appropriate notices were given under the statute. That prior tax deed was issued to PMG. That prior tax deed refers to the legal description of Lot 6, which includes parcels 001 and 002. But that's erroneous, isn't it? I mean, that tax deed that you're describing, there's something missing from it. It's including a part of the land that really wasn't they shouldn't have included. Isn't that correct? That is correct. However, that's not determinative of the outcome of this case. The prior tax deed proceeding was supposed to cover one of the parcels. The deed issued out of it covered both of them. That's what the ñ but that tax deed to PMG was not a part of the trial court record. Well, let me ask you another question. Why not just check the public record to see who the legal ñ who had legal interest in this land? Did you do that? The question is who has the duty to check the public records? 214.01e specifically says that unless a lack of jurisdiction appears ñ Well, you didn't answer my question. Why not just ñ instead of relying on the Chicago Title and Trust Company's internal documents, that clearly says on both sides this is not for ñ this document cannot be relied upon by third parties. It has all the disclaimers that all lawyers are familiar with. Once you see that, why not just go to the public record and check that to see who are the real parties of interest here? Did you do that? Did your client do that? Bruce Miller is a subsequent purchaser, so we have Checkmate, who is the tax purchaser. Well, did anybody ñ okay, let's split hairs. Did anybody do that, Checkmate or Bruce Miller or anybody? I couldn't tell you whether Checkmate did that. The record of the trial court proceeding shows that Checkmate submitted an affidavit to the court indicating that the public records had been checked, indicating that all notices had been served. The tax deed to PMG. Correct. You concede that it included a parcel, the 001 parcel, that was not the subject of that tax proceeding. Is that correct? Correct. So isn't the deed itself void as to that parcel? Where did the court get jurisdiction over that parcel if it wasn't the subject of the action? The deed is not ñ what we have to look at is the deed from this tax deed proceeding. Right? In this tax deed proceeding ñ I'm not at 2245. I meant the question of whether these proceedings ñ the court ever acquired jurisdiction over the owner of the 001 parcel. Correct. And that's why I said we have to look at this tax deed proceeding. In the current tax deed proceeding, the 001 taxes and the 002 taxes were at issue. Right. Both were in default. So the trial court in this case had jurisdiction over both 001 and 002. How did it acquire jurisdiction over 001 if it didn't serve the owner of 001, if no notice was ever given to the owner of 001? From whence came the jurisdiction? The jurisdiction comes over the property. This goes to the issue of voidable proceedings. In this case, the court does have jurisdiction over the property. Why? How? How? The court ñ Illinois law says that when you have a tax deed proceeding, that the trial court has jurisdiction over the case. Somebody can make a check. It's not magic. You've got to do something to get the jurisdiction. No. You don't have to do anything. You don't have to do anything. You have interim jurisdiction over the parcel without any notice whatsoever to the owner of the parcel. Absolutely. Why don't we give notices at all, then? Well, there is a ñ Because they just take the property away. Well, that's why you come up with a procedure set forth in our statutes which says, here's the proper procedure you follow in order to convey the title to complete the tax deed proceeding. You should give this notice. You should give that notice. If you don't give those notices, then somebody can come in and attack the tax proceeding. Well, wait a minute. Now you're arguing ñ now you're arguing that it's really voidable. Your opponent argues that it's void. It's void because it's a violation of due process. Well, it's not void because it's a violation of due process. Because what you have here is you're really ñ our legislature, in 214.01e, when it says that unless lack of jurisdiction affirmatively appears from the record, then a BFP has the right to take title to the property free and clear of any challenges. What that says is there are going to be circumstances where there is a lack of jurisdiction. In those circumstances where there is a lack of jurisdiction ñ Wait a minute. Hold on a second. How can ñ doesn't that defy your original argument? Your original argument is they all have jurisdiction. It's a tax deed proceeding. There's always jurisdiction. It didn't run proceeding. This is a situation where there would be lack of jurisdiction over a person, for instance. Right? There's a lack of jurisdiction over a person. Our legislature says if that lack of jurisdiction over the person does not appear on the face of the court record, then the BFP gets the right to keep the title to the property. That's a balancing that the legislature has made in order to have finality of sales, in order to have finality of proceedings. If what counsel is saying is that statute is incorrect, that statute is wrong, you can never have a situation where there's going to be a lack of jurisdiction, where the judgment will stand, where the BFP has the right to keep the property, then that's attack on 214.01e. And if he wants to attack 214.01e, he had to do it below. He had to give notice to the Attorney General under Supreme Court Rule 19a. Is that ñ So just ñ take me in small steps. Okay. Okay. Lack of jurisdiction is what the language of the statute says, correct? So we're back to this place where I am still really struggling. Okay. In rem, in persona. Maybe ñ you know what? I think maybe I took the first week of law school off. I really don't have this really clear in my mind. It's somewhat of a feeling others are also confused, such as the court that wrote about personal in rem jurisdiction. It's kind of confusing principles here, okay? We understand the court ñ we're talking about the court's authority, right? Right. And we understand in terms of in rem, we're talking about the court's authority over a property, and literally here, real property. Then we understand that there are the rights of the owners of the property as well. Correct. Correct? Right. And that's where we get into the constitutional arguments, the due process arguments. But maybe ñ and I think that's where I see the problem in this case is I'm not sure where I understand how in the scheme of the statutes that we're looking at, the rights of the owners play into the idea of jurisdiction, okay? So Devon Bank, owner of the property, right, has due process rights, correct? Correct. All right. I don't believe that it needs that jurisdiction in terms of void and voidable, and that's what I'd like to focus on. Can you just answer my question? Okay. Unless ñ I mean, generally speaking, you can't ñ that's what impersonal jurisdiction is about. Right. A person has to have ñ before the court, the court has to have jurisdiction over the person in order to, for example, take their property away from them, right? So is it true or not that the court needed impersonal jurisdiction over Devon Bank in order to take its property away from them? If it didn't have jurisdiction over Devon Bank and it took its property away from it, then the court's decision could be voidable, but it would not be void because the court had jurisdiction over the real property. There's a distinction between something that's void and voidable. It has something to do with the jurisdiction of the court. Right. You're saying the court did not ñ if the court did not have jurisdiction, impersonal jurisdiction over the Devon Bank, it still had the authority to enter orders taking the property away from Devon Bank because it had interim jurisdiction. Correct. And then Devon Bank could later come back and say your decision is voidable because Is that really the argument your opponent is making? I don't think your opponent is making that argument. He's making a different argument. Your opponent is making the argument that this may be an interim proceeding, but unless you give me notice, you have violated due process and therefore your judgment is void. Yeah, I think that's what his argument is. It's not that you had to have impersonal jurisdiction over it. It's that you must have given me notice in order to satisfy the due process requirement. And if you don't satisfy due process, then the underlying judgment is void. I think that's his argument. I don't want to make his argument for him, but I think that's what it is. How do you respond? You're absolutely right. That is his argument. And I think the distinction is that the court did have jurisdiction and it's voidable, that Illinois law, their decisions, the Stefano decision, Howell 2, LCB, all talk about the court having jurisdiction and they talk about judgments being voidable. They can be set aside. But until they're set aside, they still stand as judgment. And that leads us into 214.01. So violation of due process does not fit into these ideas at all in terms of being void, the court's lack of jurisdiction to enter an order? That's my understanding of the jurisdiction of the tax courts is that you have jurisdiction over the real estate and we look at it. What your argument is, without dancing around too much, is that a violation of due process only renders the judgment voidable, not void. Right. I don't believe there's a violation of due process. No, no. Please. Okay. Please. We'll get to that in a minute. My question is, are you making the argument that a violation of due process renders a tax deed proceeding only voidable as opposed to void? Correct. Are you making that argument? I am making that argument. Okay. Well, let me ask you something that's a little different direction but related. Because this is, I think we all recognize it's a drastic, this is a drastic action to take someone's property in this manner. What about the requirement for strict construction of the statutory language? Can you address that a little bit for me? Of 214.01e? Uh-huh. 214.01e, I think, is absolutely clear. And that's why I think this is essentially a challenge to the constitutionality of 214.01e. Because the language of 214.01 says, unless lack of jurisdiction appears affirmatively from the record proper, the BFP's rights trump the rights of somebody like Devon. And by using that word, the lack of jurisdiction must appear on the record proper, the legislature obviously considered a situation where there would be lack of jurisdiction and it would not appear on the record proper. And in that circumstance where there is a lack of jurisdiction and it doesn't appear on the record proper, the BFP's rights trump the third party. So when the- But if in the record, we're back to what is- I think that's the reason I started out with jurisdiction, because of this language. So if one were to think generally that there would have to be jurisdiction over the owner, let's just say that. Then if you looked at the court file and you saw there was no notice to the owner, the lack of jurisdiction would be knowable by looking at the record, correct? Correct. If you knew who the owner was based upon the record of the court proceeding and you saw that based upon the record of the court proceeding that notice was not given to that owner, then lack of jurisdiction would affirmatively appear from the face of that court record proceeding. In this case, the face of the court record proceeding indicated that PMG was the sole owner of both 001 and 002 and that notice was given to PFG, PMG. But it became clear during the proceeding before the lower court that that, the entity that was listed as the owner was not in fact the owner. So what are you saying, that the court, that this strict construction principle should just go out the window because although something is, someone is erroneously listed as the owner and it's now clear that that's not the owner, the court should just disregard that? I'm not sure what that means, what you're trying, what's your argument? Just so I understand which lower court proceeding we're talking about, it became clear in the lower court proceeding of this 21401 petition that the deed to PMG had an error in it. Right. Okay. However, that was not clear from the original tax deed proceeding because the deed to PMG, which has the error in it, was not in the record in that tax proceeding. Instead, counsel brings it into the record in his 21401 petition and said, hey, look at this deed, there was an error in it. The record from the original tax deed proceeding to the reasonable person, and this was the trial court in this case, said a reasonable person relying on the record of the original tax proceeding would not have any notice of anybody's rights other than PMG. And therefore, since you say. You're saying that the exercise of diligence on the part of a purchaser would not extend to going behind the original tax deed. The original tax deed to PMG, I guess it is, once that's found of record, then one need not go behind that proceeding to determine whether that deed is a valid deed or it's not a valid deed. No, I think you're a little bit off on that. The person I'm talking about now is not the tax deed purchaser, it's the subsequent  He's the BMP. No, I understand. And he never has to look beyond the record of the tax deed proceeding itself in order to, for his knowledge, because 21401 says lack of jurisdiction must affirmably appear on that record. So. But what do we do about all this other line of cases that don't say that? Howell and all these other cases that say inquiry notice. Here, is it in Howell, they live across the road from each other and they know there's an airport and they say, wait a minute, you know, you knew that this, you know, you had this information. What we're doing is Jojan essentially says that you're dealing with the trial court record itself, okay? There is no such thing as inquiry notice beyond that trial court record under 2141. How about the other cases that talk about inquiry notice? They have nothing to do with 21401E. That's the whole point. I acknowledge that as a matter of general principles of real estate law, there's a duty of inquiry notice when you're buying a property. You're on notice of who's occupying. You're on notice of what's in the public real estate record. Mr. Miller gets a title commitment and the owner is listed as someone other than the parties he's buying the property from? I don't know. I don't believe that's the case. Mr. Miller. Got a title commitment. Showing checkmate acquisition. No. Yes, yes, yes. Right. And who was he purchasing the property from? He was purchasing it from Anchetta and Mendoza. Would that be kind of like notice that that's a problem? No. The title commitment is not the person you're buying the property from? Not at all. And the reason is we have to look at which direction we're going in. What happens here is you have a tax deed proceeding from which checkmate acquires property, okay? Checkmate acquires, transfers to Anchetta and Mendoza subsequent to the tax deed proceeding. Anything subsequent to the tax deed proceeding is something we're on notice of. I don't think it makes any difference. It's totally red herring about Anchetta and Mendoza. Let's make it. We're buying it from checkmate. It doesn't really matter. No, but the facts are correct. The facts are we're buying it from ñ I'm in a contract with this person. I'm going to buy your property. I get a title commitment and someone else owns the property. Am I ñ I go ahead with the deal. Are I opening myself up to all sorts of problems? The only problems you'd be opening yourself up to is if there's a problem between checkmate and Anchetta and Mendoza. It's basically on a going forward basis. I don't have to duty. Is there no ñ is there no duty to make an inquiry when something appears irregular on its face? You're buying the property from one person, but somebody else is listed as the owner. Your argument is there's no duty to ñ that's not a red flag, first of all. You're saying that's not a red flag. It's ñ That's the argument. I'm saying yes with respect to anything subsequent to the tax deed proceeding. Even if ñ see ñ So there's no duty to make an inquiry as to who really owns the property? Is that your argument? There's a dividing line with the tax deed proceeding. Okay? If I get notice that Anchetta and Mendoza contract to sell it to me and I find out that checkmate is the owner, yeah, I have a duty. I can go back to Anchetta and Mendoza and say, how come you can sell this property to me? They could tell me, well, checkmate's going to transfer it to me. I'm buying it from checkmate. I'm flipping it to you. But that's what ñ Well, since you're using that hypothetical, did anybody do that in this case? It doesn't matter because we're only talking about checkmate forward. My deed, if there was a ñ Nothing that happened before has any bearing on this? Not prior to checkmate because my title search shows me checkmate is entitled. Okay? I go back and I say, how come checkmate's entitled? Checkmate got a tax deed. And what do I have to do for a tax deed? Under 214.01e, I have to see does jurisdiction, lack of jurisdiction, affirmatively appear from the face of the record? Hold me to that standard. I look at the court record. I don't see that lack of jurisdiction affirmatively appears from the record. I don't have to go back and see, well, you know, what happened before checkmate had it. All I'm on notice is, did checkmate properly have it? So if someone does a shoddy search, as was done in this case, I think we can all agree that the search that was done was not from the public record and did not disclose the true owner. I think we can all agree that that happened. So if someone does a shoddy search, there is no duty to inquire or to exercise any diligence to see whether what appears on the record is accurate? There's no duty to do that. That's your argument. Two things. I don't think it was a shoddy search because we have two title searches in the record here, both of which, one which was obtained by the checkmate. It didn't disclose the owner that was listed in the public record. How can you say that wasn't a shoddy search? Well, the owner that was listed in the public record was PMG because there was a legal description, lot six of the whole thing. The one title company searched it, but it was part of the trial court record. Their title company searched it, and that title company also showed PMG. So I don't think it's a title. The actual public record, what can you tell me about the actual public record? What did it say? Okay. The public real estate record had a deed in it which said lot six as the legal description, and lot six includes both 001 and 002. I recognize that the tax proceeding that led to that deed only covered one of the parcels, not both of them. But the record that my client, Mr. Miller. I'm not from Chicago 10. I'm talking about. I'm talking about the public real estate record, okay, says lot six. It was an erroneous deed. It was issued improperly. But that's not the standard to which the legislature, which you're bound to follow, unless you're going to overturn 214.01e, which I don't think you can do because I think they waived that argument below, which would be a constitutional challenge on it. 214.01e says the only record that Bruce Miller has to look at is the record of the trial court proceeding. And unless lack of jurisdiction appears affirmatively in that record and the deed was not part of that record, then Bruce Miller's title is better than DeVon Banks' title. And to the extent that Bruce Miller has any obligation to look at the public real estate records, it's only from the time going forward, from the time of the tax deed proceeding, when it can rely on the court record, to what happens after that. Bruce Miller does not have to go back in time. That's what our legislature has directed in 214.01e. And if you agree there are these cases that talk about, I mean, Howell is one. It's a tax deed case. It's about a bona fide purchaser. And it's about what they knew. They went out and they looked at the property. It wasn't vacant, all those kind of things. Therefore, they were at inquiry notice. Therefore, they were not a bona fide purchaser. But Howell is a tax purchaser case. It's not a BFP, third party case. So ‑‑ Land purchaser is not a bona fide purchaser. Okay. So am I missing something? Yeah. I believe, if I'm not mistaken, that Howell too said, A, this is not a jurisdictional issue. I believe Howell too also involved somebody who was a ‑‑ either he was a tax purchaser as distinct from a BFP or if he was a subsequent purchaser, it's the occupancy issue. And if you come in, and this is why it's something after the sale. So I'll acknowledge, if you have a tax deed proceeding and subsequent to that tax deed proceeding, I'll just say it's Howell is still in possession of the property, and you come to be a third party purchaser, then you have notice of Howell's occupancy. But that's an event subsequent to the tax deed proceeding because you're buying Howell's in there. So that you would have knowledge of. Some subsequent purchaser, you have knowledge. That's a post judicial proceeding event that I look at the court record. The court record looks okay to me. I'm okay. But if Howell is still occupying it when I'm buying it, I know he's occupying it. I have to say, Hey, Howell, what are you doing there? But that's a post event. And it's not something that appears on the record proper. In our case, we had a vacant piece of property. So when Bruce Miller came and bought this piece of property, he looks at the piece of property. There's no Howell there. It's a different problem. It's a different kind of issue about inquiry notice. I mean, there's, you know, you're buying a piece of vacant property, except, oh, wait, you really live across the street from it, and it's an airfield, and you see people there all the time. That's one kind of problem. That's not the problem we see here. Right. I mean, it suggested that there were other, as we say, red flags that at least raised questions, shall we say, about how innocent Mr. Miller was. And again, it's his burden to show he's a BFP, right? He has the burden of showing a BFP. And the record here shows that Mr. Miller paid $90,000 for this piece of property. He bought the property. There's absolutely no indication that he had any notice that there was anything wrong with the tax deed proceeding. Counsel tries to say, well, he went out and got a title commitment or a title policy. Well, that's common sense. You do that. And that's a ---- And it showed that the person whose name was on the deed is not the person he's buying it from. It showed ---- Which would make most buyers really worried about the whole deal. Your Honor, I understand the principle that you're focusing on, but you're really focusing on the wrong time. It shows that checkmate was entitled. And that's why I say it doesn't matter. It's checkmate's title that your opponent attacks. Correct. It's not Mendoza's title. It's checkmate's title. Correct. And the title ensures that ---- Did he get a trackbook search or did he get a title policy? He got a title policy. He got a title policy. The prior one was merely a trackbook search, was it not? Correct. So in your particular case, he comes up with a title policy that shows checkmate is entitled. If he goes to the grantor-grantee indices, he finds a PMG deed to all of lot 6. Is that correct? Not ---- You're correct. If he were to go to the grantor-grantee indices, he would find a deed to all of lot 6, would he not? Correct. Okay. And from there we find the ---- Subsequent to that, we find the tax proceedings under which checkmate gets a deed to this parcel, the 001 parcel. Correct. Which was included in the PMG deed. Is that correct so far? Correct. That's what he finds when he goes to the grantor-grantee indices. Correct. That's exactly what he found when he got a title policy, is it not? No. Checkmate is entitled. He doesn't find how checkmate got entitled, but he finds out that checkmate is entitled. Correct. He's got to learn when to agree with me and when to disagree. Correct. Okay. At any rate, so now the question becomes, did he have any obligation when he purchased from Mendoza, who he knows is getting it from checkmate, or checkmate flipping it to Mendoza on the closing, does he have any obligation to go behind the checkmate deed, yes or no? No. And so he becomes a BFP. Correct. And your argument is that their due process argument does not trump 214-01E. Correct. And because the violation of due process makes the tax proceedings voidable, not void. Correct. And if we were to find that it makes it void, then what happens to Mr. Miller? Mr. Miller still prevails because 214-01E says unless the lack of jurisdiction affirmatively appears on the face of the record, Mr. Miller's title prevails. And if you hold otherwise, you have to invalidate 214-01E, which respectfully you cannot do, because that issue has not properly been raised by giving notice to the Attorney General pursuant to Supreme Court Rule 19A, et cetera. We can, but we shouldn't. Correct. Knowing when to agree, I know when it's time to stop. The brief rebuttal, Mr. Davis. Mr. Davis, void versus voidable. It's void, Your Honor. You say void. He says void. Well, there are no case has been cited that says a clear violation of constitutional due process renders something merely voidable rather than void. No case says that 214-01E trumps a violation, a clear violation of constitutional due process. The teacher's insurance case we cite, although it's 305J rather than 214-01E, the rules are analogous, clearly says that a BFP-type rule cannot apply to trump a constitutional violation. We would respectfully submit that Mr. Miller has it backwards. But then you are attacking 214-01E. Excuse me, Your Honor. You are attacking 214-01E. Your Honor, we're only attacking the application of 214-01E. The court in teacher's insurance did not hold Supreme Court Rule 305J unconstitutional or unenforceable. If the trial court lacks jurisdiction, if it lacks jurisdiction, I don't care whether you want to talk about it for some jurisdiction or you want to talk about interim jurisdiction, then its judgments are void, not voidable. They are void. And that is what was said. 214-01E says, even if they are void, unless that lack of jurisdiction appears on the face of the record proper, the BFP gets to keep the property. I believe... Is that nearly applied or are you attacking the statute period? We're attacking... I think the statute needs to be looked at as 214-01 in its entirety. We are not attacking the statute. We believe that 214-01E's prohibition against going behind the record is confined to cases where it's merely voidable, but not void ab initio. 214-01F... How can a lack of jurisdiction ever render a judgment voidable? It can't. A lack of jurisdiction always renders the judgment void. The Supreme Court has said it time and time again. Your Honor, if it's a fundamental lack of subject matter jurisdiction or a due process violation, it is void ab initio. If it's a lack of personal jurisdiction, when it's necessary, it's void. If it's lack of interim jurisdiction, it's void. If it's lack of subject matter jurisdiction, it's void. All those are correct, Your Honor. Tell me of a case, tell me of a case where the court would lack jurisdiction that didn't affirmatively appear on the record, but the judgment would only be voidable. The Jojam v. Cusper case that counsel cites and argued a minute ago is an example of exactly that, Your Honor. The court held that the judgment was lacking in jurisdiction. It was a mechanics lien case, and it held that statutory jurisdiction was lacking because of the peculiar rules in mechanics liens that there is a time period after the work is completed within which the lien proceeding has to be commenced or the court does not have jurisdiction to conduct the lien proceeding. And the Jojam case held that a BFP was immune from a challenge to that proceeding, even though this court, the appellate court, had previously in the earlier Jojam appeal actually held squarely that the mechanics lien proceeding was rendered without jurisdiction. That is exactly an example of that, Your Honor, but that is a case where the judgment was voidable for want of statutory jurisdiction. It was not absolutely void ab initio for want of compliance with constitutional due process, which is what we allege here. Is there anything in the checkmate tax sale file leading towards 1401B that would indicate a lack of jurisdiction or a lack of notice, a due process violation? There's a lot of things in the tax sale record, Your Honor. There were different owners identified in the record in the sense of different SSCs of record under the property tax code that presumptively means different owners. There was never any real ownership evidence submitted to the court. The track search the checkmate submitted to the court says on its face that it's not even an opinion of title. It's not evidence of ownership. All it was was a search of the private track record of Chicago title and said this PMG deed is the last deed that came up. So you're saying that the presence of just that document is the only evidence of ownership in and of itself shows a lack of jurisdiction? In and of itself, it showed enough to put someone on inquiry notice, we believe, and we concur with Your Honor's points about inquiry notice, not only the Edelin case, which obviously the knowledge of who occupied the land was outside the record and yet the court held it defeated BFP status. The Cosmopolitan Bank case, which has been cited repeatedly in tax deed cases, held that a failure to search the records before the foreclosure judgment, exactly the type of search before the prior judgment, which counsel argues to the court doesn't need to be done because of 214-01E. No authority has been produced in this case that substantiates that rule. According to the grantor grantee indices, he would have found the deed to PMG for the entire lot six. I don't think he would, Your Honor, because here is the PMG deed. It's in the appendix, page 827. That is a public record, which checkmate under the due diligence standard should have produced to the court. It says in the fourth line of the deed that what was transferred was parcel 002 under the tax index numbering system. Now the significance of that is that you know from the front of the deed it's a tax deed and it's transferring that tax number. The narrative legal description doesn't make any difference because the property tax code, the sections are 1-120, 9-45, says that property index numbers control tax proceedings, including tax deed proceedings. Anyone who looks at this deed, any title company, any experienced examiner, any counsel for checkmate, anyone, the trial judge, had she had this deed before her would never have granted the tax deed the checkmate requested because one glance at the front of the deed, it doesn't tell you who owns the Devon parcel, the 001 parcel, but it does tell you who doesn't. It tells you that no one who was given notice in the case, no one to whom notice was attempted in the case had anything to do with the 001 parcel. And I think it does tell you, Your Honor, that this PMG deed is not in the chain of title. It can't be in the chain of title because it didn't convey the 001 parcel, regardless of a scrivener's error in the legal description. And I think it probably would not have appeared in the grantor grantee index, which is the real public record. My question I've asked about four times. No one can tell me that the grantor grantee index. We don't know that. That is not in our record. The grantor grantee index is not in our record, Your Honor, but what we're relying on is we can prove the negative, as it were. We can prove that the record of the court, together with this deed, shows conclusively that no owner, no notice of anyone associated with the 001 parcel's ownership was notified in that checkmate tax deed proceeding. The other point, I did find the citation, Your Honor, to Justice Theis, to the Roswell case's statement at 99 Illinois 2nd, 412. I'm quoting, Originally, different standards of due process applied to in personam and in rem actions, citing Penoyer v. Neff, but this distinction was abolished by Schaffer v. Heitner. Now due process requires that the Moline standard be applied to both in personam and in rem proceedings. There simply is no distinction such as the trial court based the entire due process decision on in this case. And we know that there was no notice. We know that there wasn't any minimal diligence done by checkmate. We know that there is no basis for 214.01e to trump a violation of constitutional due process. And, Justice Hoffman, I would suggest that we know that the legislature has also said in 214.01f that it does not intend 214.01e to be used to trump a violation of constitutional due process or any other circumstance which would void the tax deed proceeding ab initio because 214.01f says nothing in this section, nothing in 214.01 interferes with the right to relief from a judgment that is absolutely void. And as Your Honor said earlier in the argument, judgment that's absolutely void can be set aside in any court at any time. All of the case law that we have brought before the court on constitutional due process says that the result of that violation of constitutional due process is an absolutely void proceeding which must be set aside at any time and that no state rule can stand in contrivation of that, whether it's emergency. Is the only case that you can cite for the proposition that there is some circumstance under which a judgment can be entered which is void, yet a bona fide purchaser is still protected by 214.01e, the Joe Jan case coming out of the First District? Well, Your Honor, we're not citing it. They're citing it. No, but I mean, is that the only case that you can refer to? That's the one that leaps to memory right now. I don't think there's been a lot of cases like that. It would occur to me that our prior decision notwithstanding, you simply cannot have a judgment that is void, that void ab initio, that allows someone to purchase later and acquire good title against the actual owner. I think Your Honor is correct. So that would be an absolute attack on 214.01e under all circumstances? No, Your Honor. I think it would be that 214.01f trumps 214.01e in those narrow range of circumstances where the underlying proceeding is absolutely void. We would respectfully suggest that's why 214.01f is in the statute because when that statute was drawn, the drafters realized that there are rare cases where the underlying proceeding is utterly void and that there can't be any question of a 214.01e BFP trumping the proceeding. What I'm suggesting to you is it is not possible for a judgment that is entered without jurisdiction to be anything but void. It can't be voidable. And if the Joe Jan court says it is, they're wrong. Your Honor, the Joe Jan court may not, the Joe Jan decision may not be. There is a whole line of what I am calling for purposes of discussion here special statutory jurisdiction cases of which Joe Jan is one. Talking about the special statutory jurisdiction in the mechanics lane context, there is some doubt whether that concept has any currency. Well, the statutory jurisdiction, even if it is statutory jurisdiction, is the power of the court to act. Absent that statute, the court has no power to act. Is that correct? That is correct. I would agree with that. Then in that particular case, it's subject matter jurisdiction. And the Supreme Court has said time and time again, any judgment entered by a court that lacks jurisdiction over the parties or the subject matter is void. Period. It didn't say except in statutory cases. They said these are void judgments. I can't disagree, Your Honor. But the only point I guess I would make here is I don't see how it saves Mr. Miller's attempt to defend the checkmate tax deed. The checkmate tax deed was void for a violation of the minimal standards of due process. I think the court would have to look a long time to find a clearer case of such a violation. It's just an utter and complete failure to look at even the one public record that the tax purchaser himself had identified in the Chicago title track search to the court. That is a due process violation by any reading of the Mullane-Mennonite-Jones v. Flowers series of U.S. Supreme Court decisions. Just for fun, since we're talking about saying some new things in this case and thinking about what the Illinois Supreme Court might be thinking after we say whatever we're going to say here, since I think we all kind of agree there are no clear cases that answer any of these questions. So whatever we say is going to be new. How do you read the Loewe 2 case, sometimes called the Apex 2 case, just to confuse us all that we're talking about the same thing? The remand from the United States Supreme Court to our Illinois Supreme Court. Loewe 2 teaches us a couple of things that are relevant to this case, but I think Your Honor is correct. It doesn't decide this case. Loewe 2 teaches us that there does have to be a subsequent inquiry into the diligence of the service of notices under the minimal due process standards. That's what the Supreme Court ordered when it vacated Loewe 1, and that's what the Illinois Supreme Court proceeded to do at length in its decision in Loewe 2. The other thing we can discern from Loewe 2, I think, is that Loewe 2 is one of those cases where the tax purchaser's efforts were ultimately approved by the Illinois Supreme Court in Loewe 2 as meeting the standards, the minimal standards of due process, because they did actually search the public records. They did actually identify the parties in interest. They identified Mary Lowe. They did make reasonable efforts to notify Mary Lowe of the proceeding. All of that is in contradistinction to no identification of the person in ownership, no efforts whatsoever to serve the person in the case at bar. But in Loewe 2, I think, although people are still arguing about it because of the specific point that the Supreme Court in Jones v. Flowers admitted that they had not addressed before, which is what happens when one of the mailed notices is returned so that the sender of the notice is informed by the fact of its return that it failed to reach the intended recipient, is there an additional due process obligation that arises there? And the Supreme Court in Loewe 2 found that under all of the facts and circumstances in the case, they had done enough. And, in fact, I think our Supreme Court believed that they had done more than what the U.S. Supreme Court suggested in Jones v. Flowers were the extra things that a party who knows the first notice failed might be called upon reasonably to do. So it sets those standards of reasonableness, but when you contrast that with the case at bar, you have an utter and complete absence of any efforts whatsoever. Anything else? Thank you, Your Honor. We would ask that the judgment be reversed. Thank you.